# IN THE COURT OF APPEALS OF IOWA

No. 21-1777
Filed July 20, 2022

**TERRY TILTON,**
      Petitioner-Appellee,

**vs.**

**H.J. HEINZ COMPANY and LIBERTY MUTUAL INSURANCE CO.,**
      Respondents-Appellants.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.

An employer and an insurance carrier appeal a district court ruling on a

petition for judicial review of a workers' compensation commissioner decision.

**AFFIRMED.**

Nathan R. McConkey of Huber, Book, Lanz & McConkey, PLLC, West Des

Moines, for appellants.

Thomas M. Wertz and Mindi M. Vervaecke of Wertz Law Firm, Cedar

Rapids, for appellee.

Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

H.J. Heinz and its workers' compensation insurance carrier, Liberty Mutual Insurance Company, (collectively Heinz) appeal a district court ruling concerning Terry Tilton's petition for judicial review of a workers' compensation commissioner's decision. Heinz claims the district court wrongly concluded the commissioner's decision was irrational, illogical, or wholly unjustifiable and unsupported by substantial evidence when the commissioner determined the discovery date—the date Tilton knew or should have known her injury was serious enough to have a permanent adverse impact on her employment. We affirm the district court's decision that reversed the deputy commissioner's decision as to the date Tilton knew or should have known an injury would have a permanent adverse effect on her employment and remanded the matter to the workers' compensation commissioner.

I.    **Background Facts & Proceedings**

The facts of this case were aptly summarized in a prior decision by this court. *See Tilton v. H.J. Heinz Co.*, No. 18-1629, 2019 WL 3317393, at *1-2 (Iowa Ct. App. July 24, 2019). That opinion of this court held the commissioner's finding that Tilton knew or reasonably should have known her back injury would have a permanent adverse impact on her employment on September 8, 2010, was not supported by substantial evidence. *Id.* at *4. In particular, the court noted, "As of that date, no doctor had ever given her permanent work restrictions." *Id.* As a

result, the case was remanded to determine the date at which the statute of limitations began to toll under the discovery rule.[1]  *Id.* at \*4-5.

On remand, the deputy workers' compensation commissioner[2] determined Tilton knew or reasonably should have known her back injury would have a permanent adverse impact on her employment on February 4, 2010.  The deputy largely based its decision on a report by Tilton's chiropractor, Dr. Bradley.  In part, the deputy noted:

> On February 4, 2010, Dr. Bradley took claimant off another two to four weeks for back pain.  At the time, he told claimant her condition was permanent and that she would continue to miss work in the future due to back pain.  Based on this record, claimant knew or should have known at least by February 4, 2010, of the seriousness of her disability.
> Claimant knew the nature of her injury and compensability of her injury in 2001.  She knew, or should have known, of the seriousness of the disability on or before February 4, 2010.  Based on this record, it is found the manifestation date[3] of claimant's injury is February 4, 2010.

Based on its findings, the deputy concluded Tilton's claim was time barred by Iowa Code section 85.23 (2015).

Tilton filed a petition for judicial review.  The district court found:

> [I]t was irrational, illogical, and wholly unjustifiable for the Remand Deputy to conclude Tilton somehow could have known [her injury was serious enough to have a permanent impact on her employment] *seven months earlier* on February 4, 2010.  As she had not even had

---

[1] Our previous opinion noted that the concepts of the manifestation date and the date at which the statute of limitations begins to toll under the discovery rule were blurred by the deputy.  *See Tilton*, 2019 WL 3317393, at \*4 (noting that the case focused on whether Tilton knew her condition would have a "permanent adverse impact on her employment," which is the discovery rule).  Both parties acknowledge the sole issue on remand was the determination of the applicable discovery date.

[2] The deputy was authorized by the workers' compensation commissioner to issue the final agency decision on this matter.

[3] The concepts of the discovery date and manifestation date were again blurred.

a doctor's note giving her permanent restrictions as of September 8, 2010, she clearly could not have had a doctor's note giving her permanent restrictions seven months prior to that.

The district court also found that the determination was not supported by substantial evidence because the February 4 document made by Dr. Bradley did not support the conclusion that Tilton was taken off work. Heinz appeals.

## II.      Standard of Review

Judicial review of an agency decision is governed by Iowa Code section 17A.19. *See Endress v. Iowa Dep't of Hum. Serv.*, 944 N.W.2d 71, 76 (Iowa 2020). "Our review of a decision of the workers' compensation commissioner varies depending on the type of error allegedly committed by the commissioner." *Jacobson Transp. Co. v. Harris*, 778 N.W.2d 192, 196 (Iowa 2010). When "the claimed error lies in the commissioner's application of the law to the facts, we will disturb the commissioner's decision if it is '[b]ased upon an irrational, illogical, or wholly unjustifiable application of law to fact.'" *Id.* (alteration in original) (quoting Iowa Code § 17A.19(10)(m)).

## III.      Discussion

Heinz claims the district court wrongly reversed the deputy commissioner's remand decision regarding when Tilton knew or should have known her injury was serious enough to have a permanent adverse impact on her employment. Prior to addressing that issue, a review of the framework for Tilton's claim is beneficial.

Tilton's workers' compensation claim is premised on a back injury that has festered since 2000. As such, the occurrence of the injury is analyzed under the "cumulative injury rule." Our supreme court initially explained that rule as follows: "[W]hen a disability develops over a period of time, the compensable injury is held

to occur when the employee, 'because of pain or physical inability,' can no longer work." *Herrera v. IBP, Inc.*, 633 N.W.2d 284, 287 (Iowa 2001) (quoting *McKeever Custom Cabinets v. Smith*, 379 N.W.2d 368, 374 (Iowa 1985)). The court went on to refine the test, now called the "manifestation test." *Herrera*, 633 N.W.2d at 287. The court held an injury manifests when "both 'the fact of the injury and the causal relationship of the injury to the claimant's employment would have become plainly apparent to a reasonable person.'" *Id.* (quoting *Oscar Mayer Foods Corp. v. Tasler*, 483 N.W.2d 824, 829 (Iowa 1992)). Thus, a cumulative injury manifests when the employee knows they are injured and that the injury is related to their employment. Here, Tilton began experiencing back pain in 2000, and recognized that it was related to her job in 2001. *See Tilton*, 2019 WL 3317393, at *3. Thus, her injury manifested and her date of injury is established in 2001.

However, "[a]lthough the date of injury is relevant to notice and statute-of-limitations issues, the cumulative injury rule is not to be applied in lieu of the discovery rule." *Herrera*, 633 N.W.2d at 287. The two rules, "while related, are distinct." *Id.* at 288. It is the discovery rule, not the cumulative injury rule, which dictates statute-of-limitations questions. *Id.* An employee is held to have discovered their injury for statute-of-limitations purposes when, "acting as a reasonable person," the employee recognizes the injury "is serious enough to have a permanent adverse impact" on their employment. *Id.* at 287-88. An employee is deemed to have knowledge of the permanent adverse impact of an injury when they recognize "its nature, seriousness and probable compensable character.'" *Id.* at 288 (quoting *Orr v. Lewis Cent. Sch. Dist.*, 298 N.W.2d 256, 257 (Iowa 1980)).

To summarize, a cumulative injury is manifested when the claimant, as a reasonable person, would be plainly aware (1) that he or she suffers from a condition or injury, and (2) that this condition or injury was caused by the claimant's employment. Upon the occurrence of these two circumstances, the injury is deemed to have occurred. Nonetheless, by virtue of the discovery rule, the statute of limitations will not begin to run until the employee also knows that the physical condition is serious enough to have a permanent adverse impact on the claimant's employment or employability, i.e., the claimant knows or should know the "nature, seriousness, and probable compensable character" of his injury or condition.

*Herrera*, 633 N.W.2d at 288 (citation omitted).

A previous opinion of this court held there was not substantial evidence to support the commissioner's determination of the discovery date as September 8, 2010. *See Tilton*, 2019 WL 3317393, at *4. The court noted that Tilton was released back to work without any restrictions on September 8. *Id.* Furthermore, "[a]s of [September 8, 2010], no doctor had ever given her permanent work restrictions." *Id.* The deputy's remand decision determined the discovery date as February 4, 2010, about seven months prior to the September date this court rejected. Combining this court's previous opinion with the deputy's remand decision would result in a determination that Tilton had an injury serious enough to cause a permanent adverse impact in February 2010, but not in September of the same year.

It is irrational and illogical to find that Tilton's injury had a permanent adverse impact on her employment seven months prior to the date that this court found Tilton was not suffering from such an injury. Such a conclusion subverts the meaning of permanent. Accordingly, we agree with the district court's

determination that the decision is irrational, illogical, and wholly unjustifiable application of law to the facts.[4]

We affirm the district court's decision which reversed the deputy's remand decision as to the date Tilton knew or should have known her injury would have a permanent adverse effect on her employment and which remanded the matter to the workers' compensation commissioner.

**AFFIRMED.**

---

[4] Because we find the deputy commissioner's decision was irrational, illogical, or wholly unjustified, we need not determine if the decision is supported by substantial evidence. However, reviewing the document relied on by the remand deputy, we conclude a determination of a discovery date of February 4, 2010, is not supported by substantial evidence as the note relied on by the deputy does not lend itself to such a finding. The February 4, 2010, doctor's record concluded that Tilton was not unable to perform any of her job functions due to her condition and that she was not incapacitated for a single continuous period of time due to her medical condition. And while the deputy indicated the doctor took Tilton off work for a period of time on February 4, 2010, that finding is also not supported by substantial evidence.